IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:17-CR-3140 |
| vs. | |
| CESAR NAPOLEON GRANADOS-VARGAS, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report ("RPSR") in this case. There are no motions for departure or variance. The defendant has filed an objection (filing 38) to the RPSR.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     There are no motions that require resolution at sentencing. The defendant does, however, raise several objections to the RPSR's base offense level calculation.

The facts set forth in the RPSR, briefly summarized, are that the defendant was arrested in California for drug distribution on September 5, 2017. RPSR at 7, 18. At the time of his arrest, officers found at least 196 grams methamphetamine and seized $14,511.00 in U.S. currency. RPSR at 7. The defendant was convicted in California state court on October 2, 2017, of possession of methamphetamine for sale, and sentenced to three years probation. RPSR at 18. Less than a month later, on October 31, 2017, the defendant was traveling back to California from New Jersey when he was detained in a rest area for parking next to a no parking sign. RPSR at 6, 8. During the stop, the defendant

consented to a search of his vehicle which revealed $19,515.00 in U.S. currency packaged in a way consistent with narcotics dealing. RPSR at 6, 8-9.

(a) The defendant objects to all facts in the RPSR relating to the September 5, 2017 California arrest. Filing 38 at 1. The defendant argues that the California conduct (*i.e.,* methamphetamine distribution) is not related to the instant offense (*i.e.*, interstate travel in aid of racketeering). Thus, the defendant contends that he is only accountable for the U.S. currency found during the October 2017 Nebraska search ($19,515.00), rather than the combined total seized from the California and Nebraska arrests ($34,026.00). RPSR at 18-19.

Relevant conduct includes all acts that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense. U.S.S.G. § 1B1.3(a)(1). More specifically, conduct is relevant if it is "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). "Conduct underlying a prior conviction is not relevant to the instant offense if the former conviction was a severable, distinct offense from the latter." *United States v. Hernandez*, 712 F.3d 407, 409 (8th Cir. 2013) (citation omitted). Factors useful in determining whether the two offenses are severable and distinct are temporal and geographical proximity, common victims, common scheme, charge in the indictment, and whether the prior conviction is used to prove the instant offense.

*United States v. Thomas*, 2014 WL 3704039, at \*12 (8th Cir. July 28, 2014). When the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). And whether the government has proven that the California conduct is relevant by a preponderance of the evidence is a matter the Court will resolve at sentencing. *Id*.

(b) Relatedly, the defendant also objects to the RPSR's conversion of U.S. currency to methamphetamine. Filing 38 at 1-2. Instead, the defendant argues that a marijuana equivalent ought to be used. Filing 38 at 2. The defendant also objects to any paragraphs in the RPSR which rely on statements from Karla Lopez. Filing 38 at 1. Again, when the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *Id*. Accordingly, the Court will resolve these issues at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 2nd day of July, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge