IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CESAR NAPOLEON GRANADOS-VARGAS,<br><br>Defendant. | 4:17-CR-3140<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on the defendant's motion for compassionate release (filing 49) pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court will deny the defendant's motion.

    Pursuant to § 3582(c)(1)(A)(i), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.[1]

---

[1] Section 1B1.13 has not been amended in response to the statutory changes wrought by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018), and so no longer remains "applicable" guidance for the current version of § 3582(c)(1)(A)(i), but the Court may consider the criteria set forth in § 1B1.13 to the extent they remain helpful and relevant. *United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

The defendant has exhausted his administrative remedies, 30 days having passed since his request for release was presented to the warden of his institution. Filing 49 at 14-15; *see Jenkins*, 2020 WL 2814437, at \*2. But the defendant's motion is based on the risk of COVID-19, and he has identified no factors, such as health conditions, that place him at particular risk for COVID-19. *See* filing 49.[2] There is, in other words, little to distinguish him from any other federal prisoner. Accordingly, he has not alleged reasons for a sentence reduction that are "extraordinary and compelling."

Furthermore, the defendant alleges that he *already had* COVID-19. *See* filing 49 at 1. The Court acknowledges the theoretical possibility that the defendant's previous course of the disease *might* not confer lasting immunity, and that the defendant may or may not be negatively affected if he would contract the disease a second time. And the Court acknowledges that much remains to learn about this disease. But at this point, despite the unknowns, there's little evidence of human reinfection of the novel coronavirus that causes COVID-19, and fairly good reason to believe that survivors of COVID-19 are likely to have functional antibodies for the disease. *See* Robert D. Kirkcaldy et al., *COVID-19 and Postinfection Immunity*, JAMA (May 11, 2020), https://bit.ly/30mHSXS; Daniel M. Altmann et al., *What policy makers need to know about COVID-19 protective immunity*, 395 The Lancet 1527-29 (Apr. 27, 2020), https://bit.ly/2Unfu41. In other words, absent contravening information,

---

[2] To the extent the defendant is alleging that the conditions of his imprisonment are inhumane, *see* filing 49 at 4-8, that issue should be raised as a civil rights claim in the district court for the district in which he is confined, the Western District of Texas. *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *see generally* 28 U.S.C. § 1391(b).

the evidence suggests the defendant is *less* likely—perhaps far less likely—to be at risk of COVID-19 than other people.

IT IS ORDERED that the defendant's motion for compassionate release (filing 49) is denied.

Dated this 8th day of February, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge